# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 16-1293V
Filed: January 25, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | | |
|---|---|---|
| ROBERT KINZIE, | \* | |
| | \* | |
| | \* | |
| Petitioner, | \* | Attorneys' fees and costs decision; |
| v. | \* | lack of reasonable basis |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

F. John Caldwell, Jr., Sarasota, FL, for petitioner.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

On October 7, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that influenza ("flu") vaccine administered either on November 3, 2013 with a "possible onset after the 2013 vaccine" or November 1, 2014 caused him phrenic nerve paralysis on the right and/or Parsonage-Turner syndrome, and, in the alternative for the latter vaccination, significant aggravation.  Pet. at ¶¶ 1-4 and 1 n.1.  On May 23, 2017, the undersigned issued a decision dismissing the case for failure to prove a prima facie case of causation in fact.  On December 20, 2017, petitioner filed a motion for attorneys' fees and costs.  For the reasons set forth below, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

### PROCEDURAL HISTORY

Petitioner filed his petition on October 7, 2016.  The case was assigned to the undersigned on October 11, 2016.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

In her Order to Show Cause of October 24, 2016, the undersigned raised her concern about the basis for any doctor to opine there was a vaccine injury five months after the November 3, 2013 flu vaccine ("2013 flu vaccine").

On November 21, 2016, during the first and only telephonic status conference in this case, the undersigned discussed her Order to Show Cause with the parties.   Petitioner's counsel stated this was a tough case and wanted to consult with a neurologist.   He stated he would not proceed with the case if a neurologist refused to support petitioner's allegations.   The undersigned gave petitioner until January 23, 2017 to file a status report stating how he intended to proceed, i.e., with a motion to dismiss or by filing an expert report.   Thereafter, petitioner was given two additional extensions of time.[2]

On May 22, 2017, petitioner filed a motion for an amendment of the schedule stating petitioner's counsel would not be filing an expert report in this case.   Petitioner wanted 30 days to file either a dispositive motion or other appropriate pleading.   On May 23, 2017, the undersigned denied petitioner's motion and dismissed the case for lack of proof.

On December 20, 2017, petitioner filed a motion for attorneys' fees and costs.   Petitioner requests $20,390.60 in attorneys' fees and $6,734.03 in attorneys' costs, for a total request of $27,124.63.   In accordance with General Order #9, petitioner said he did not advance any funds in the prosecution of his claim.

On December 27, 2017, respondent filed a response objecting to an award of attorneys' fees and costs because petitioner failed to establish a reasonable basis for his claim.   Resp. at 1. Respondent argues that petitioner's medical records show the onset of his right shoulder injury was over 5 months after his 2013 flu vaccine.   Id. at 2.   While petitioner complained his shoulder pain radiated to his right neck, none of his medical records shows any reaction to any of the three flu vaccinations administered to petitioner.   Id.   Moreover, petitioner initially contacted counsel over 5 months before the petition was filed and all medical records had been obtained and reviewed by counsel and paralegals prior to the filing of the petition.   Id. at 3.   Respondent argues that a looming statute of limitations deadline has no bearing on whether there is a reasonable basis for the claim raised in the petition.   Id. at 5 (citing Simmons v. HHS, 875 F.3d 632, 636 (Fed. Cir. 2017)).   Finally, respondent states petitioner's counsel had ample time to investigate reasonable basis prior to filing the petition and failed to perform fundamental due diligence.   Id. at 6-8.

On January 3, 2018, petitioner replied to respondent's opposition to his motion for attorneys' fees and costs.   Petitioner argues that his medical records demonstrated his claim was

---

[2] On January 23, 2017, petitioner's counsel filed a status report stating that he was in the process of having a neurologist review the case file and he expected to file an expert report in 60 days.   On the same day, the undersigned granted petitioner's informal motion for an extension of time until March 24, 2017 to file an expert report.   On March 24, 2017, petitioner's counsel filed a motion for an enlargement of time stating that the original neurologist was unable to review the records and counsel had retained another neurologist but needed 60 more days to file an expert report.   On the same day, the undersigned granted petitioner's motion for an extension of time until May 22, 2017 to file an expert report.

feasible and pre- and post-filing medical research indicated a reasonable connection between the flu vaccine and his conditions.   Reply at 8.   Furthermore, petitioner argues that the petitioner in <u>Simmons</u> had filed no medical records in support of his claim, which is different from the situation in this case.   <u>Id.</u> at 10.   The panel in <u>Simmons</u> decided that this sole circumstance was insufficient to establish a reasonable basis by itself.   <u>Id.</u> at 11.   However, the panel did not determine that every case filed near the running of the statute of limitations was therefore bereft of a reasonable basis.   <u>Id.</u>

This matter is now ripe for adjudication.

## DISCUSSION

### I.   Entitlement to Fees Under the Vaccine Act

#### a.  Legal Standard

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims may award fees and costs for an unsuccessful petition if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."   42 U.S.C. § 300aa-15(e)(1); <u>Sebelius v. Cloer</u>, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard.   <u>Hamrick v. Sec'y of HHS</u>, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).   A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred.   <u>Turner v. Sec'y of HHS</u>, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).   Petitioners are "entitled to a presumption of good faith."   <u>Grice v. Sec'y of HHS</u>, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules.   It has been determined to be an "objective consideration determined by the totality of the circumstances." <u>McKellar v. Sec'y of HHS</u>, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011).   Traditionally, special masters have been "quite generous" in finding reasonable basis.   <u>Turpin v. Sec'y of HHS</u>, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); <u>see also</u> <u>Austin v. Sec'y of HHS</u>, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation— militates in favor of a lenient approach to reasonable basis.").   However, as former-Chief Judge Campbell-Smith noted in her affirmance of Special Master Moran's decision not to award attorneys' fees in <u>Chuisano</u>, "Fee denials are expected to occur.   A different construction of the statute would swallow the special master's discretion."   <u>Chuisano v. United States,</u> 116 Fed. Cl. 276, 286 (Fed. Cl. 2014).   <u>See also</u> <u>Dews v. Sec'y of HHS</u>, No. 13-569V, 2015 WL 1779148 (Fed. Cl. Spec. Mstr. Mar. 30, 2015) (in which the undersigned found petitioner was not entitled to attorneys' fees and costs because she did not have a reasonable basis to bring the petition).

In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim."   <u>Turner</u>, 2007 WL 4410030, at *6 (citing <u>Di Roma v. Sec'y of HHS</u>, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)).   Factors to be considered include factual basis, medical support, jurisdictional issues, and

the circumstances under which a petition is filed.   <u>Turner</u>, 2007 WL 4410030, at \*6–\*9. However, the Federal Circuit has recently clarified in <u>Simmons</u> that "a looming statute of limitations deadline . . . has no bearing on whether there is reasonable factual basis 'for the claim' raised in the petition.   That is an objective inquiry unrelated to counsel conduct."   <u>Simmons v. Sec'y of HHS</u>, 875 F. 3d 632, 636 (Fed. Cir. 2017).

### b.  Good faith and reasonable basis

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith.   <u>Grice</u>, 36 Fed. Cl. at 121.   There is no evidence that this petition was brought in bad faith.   Therefore, the undersigned finds that the good faith requirement is satisfied.   However, for the reasons outlined below, the undersigned finds petitioner did not have a reasonable basis to bring his claim.

Petitioner had no reasonable expectation that he would prove that flu vaccine caused him phrenic nerve paralysis on the right and/or Parsonage-Turner syndrome with an onset interval of five months.   No medical record substantiates petitioner having a vaccine reaction.   The medical records show that the onset of petitioner's right shoulder injury was April 21, 2014, five months after petitioner's November 3, 2013 flu vaccination.   Petitioner did not visit a doctor in April 2014 to complain of right shoulder and neck pain until two days after he had done some yard work on April 19, 2014.   At no point during the course of these proceedings did petitioner provide a theory causally connecting his vaccinations to any alleged injury.   Petitioner has not filed a medical expert report in support of his non-Table allegations.

Counsel has a duty to investigate a claim before filing it.   In <u>Rehn v. Secretary of Health and Human Services</u>, Judge Lettow explained: "if an attorney does not actively investigate a case before filing, the claim may not have a reasonable basis and so may not be worthy of attorneys' fees and costs."   126 Fed. Cl. 86, 93 (Fed. Cl. 2016).   Petitioner did not contact his counsel on the eve of the running of the statute of limitations.   The billing records reflect that petitioner initially made contact with counsel on May 5, 2016, or over five months before he filed his petition on October 7, 2016.   He received flu vaccine on November 3, 2013.   Even if petitioner's alleged vaccine injury began the day he received the vaccine, he had until November 3, 2016 before the statute of limitations would run on his claim.   Thus, petitioner's counsel had ample time to perform due diligence.

Based on petitioner's counsel's invoice, all medical records (filed as Exhibits 1-8) had been obtained and reviewed by at least two attorneys and several professional staff members prior to the filing of the petition.   Counsel and paralegals billed a combined 21 hours for reviewing medical records before filing the petition.   Ex 9 at 1-5 (entries dated 5/5/2016; 5/6/2016; 7/6/2016; 7/7/2016; 7/13/2016; 8/2/2016; 8/31/2016; 9/2/2016; 9/26/2016; 9/27/2016; 10/4/2016; 10/5/2016; 10/6/2016; and 10/7/2016).   What counsel should have realized through his review, however, was that petitioner's medical records do not support a vaccine-related injury as alleged and he did not have a reasonable basis to bring his claim.

<u>Simmons</u> holds that a looming statute of limitations deadline has no bearing on whether there is an objective reasonable basis for the claim set forth in the petition.   <u>Simmons</u>, 875 F. 3d 632, 636.   There will always be a looming statute of limitations if counsel waits long enough. The reasonable basis analysis must focus on whether there is evidentiary support for the claim set

forth in the petition.   Id.   While petitioner's medical records show that the onset of petitioner's right shoulder injury was five months after petitioner's 2013 flu vaccine, petitioner alleges in his petition "For several days after the first flu vaccine, the petitioner noted pain in his injected arm and nearby neck area. . . ."   Petitioner further contends in footnote one "Petitioner's injury had a possible onset after the 2013 vaccine. Petitioner is therefore filing this matter in an abundance of causation with the November 3, 2016, statute of limitations in mind."   The undersigned finds "a possible onset" an expression indicating that speculation rather than an objective reasonable basis determined petitioner's decision to file his petition.   Speculation is inherently unreasonable.

## CONCLUSION

The undersigned finds that an award of attorneys' fees and costs to petitioner is unreasonable.   Therefore, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]


**IT IS SO ORDERED.**


Dated: <u>January 25, 2018</u>                                        <u>s/ Laura D. Millman</u>
                                                                              Laura D. Millman
                                                                              Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.